# UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : CASE NO. |
| v. | : VIOLATIONS: |
| ISAIAH HALL,<br>Defendant. | : 18 U.S.C. §§ 2252(a)(2) Receipt of Child Pornography |

## MOTION TO SEAL AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

The United States of America, by and through the United States Attorney for the District of Columbia, respectfully moves for an order to place and maintain under seal, until the Arrest Warrant is executed, the Affidavit in Support of Criminal Complaint, Criminal Complaint, and Arrest Warrant in the above-captioned matter, this Motion and Supporting Memorandum, the proposed Order attached to this Motion, and any Order granting this motion.

In support of this motion, the government states as follows:

1. The Criminal Complaint charges the defendants with the violation of 18 U.S.C. §§ 2252(a)(2) (Receipt of Child Pornography).

2. The Affidavit in Support of Criminal Complaint charges the defendant with committing the above-referenced violations in connection with his receipt of a video depicting a minor child engaging in sexually explicit conduct. As the complaint alleges, Hall was directly communicating with this minor child and was communicating with her at least until the end of

February 2025, when he received the image that is the subject of this criminal complaint. Hall is currently not in custody. If the criminal complaint is not sealed, this jeopardizes the integrity of the investigation and may result in the target's flight from prosecution, destruction of or tampering with evidence, and intimidation of potential witnesses.

3.   As stated in Washington Post v. Robinson, 935 F.2d 282, 288 (D.C. Cir. 1999), there is a presumption of access to Court proceedings. But, this can be overridden if "'(1) closure serves a compelling interest; (2) there is a substantial probability that, in the absence of closure, this compelling interest would be harmed; and (3) there are no alternatives to closure that would adequately protect the compelling interest.'" Id. at 290 (quoting Oregonian Pub. Co. v. United States Dist. Court, 920 F.2d 1462, 1466 (9th Cir. 1990)).

4.   In this matter, the United States has a compelling interest in preserving the integrity of its investigation and arresting the defendant. A limited sealing order ensuring that filings related to the Criminal Complaint and Arrest Warrant are not accessible from the Court's public files is narrowly tailored to serve a compelling interest.

5.   Furthermore, the United States respectfully submits that complying with the normal notice requirements of Washington Post would defeat the purpose of the motion to seal. Persons who know the criminal justice system also know that docketing a motion to seal an Affidavit in Support of Criminal Complaint and Arrest Warrant, or a resulting sealing order, means that the defendant is charged with a crime, and the Government intends to arrest him. Thus, if this Motion or a sealing order were to become public, it would be the same as making public the Complaint and Arrest Warrant.

WHEREFORE, the United States respectfully requests that this Court issue an Order

directing that the Clerk of the Court place and maintain under seal, until execution of the Arrest Warrant, the Affidavit in Support of Criminal Complaint, this Motion and Supporting Memorandum, the proposed Order attached to this Motion, and any Order granting this motion.

        Respectfully submitted,

        EDWARD R. MARTIN, JR.
        UNITED STATES ATTORNEY
        D.C. Bar No. 481866

   By: */s/ Janani Iyengar*
       JANANI IYENGAR
       Assistant United States Attorney
       NY Bar Number 5225990
       601 D Street, NW
       Washington, DC 20530
       Office: (202) 252-7760
       Janani.Iyengar@usdoj.gov